## TITUS et al. v. ELECTRIC SUPPLY CO.

No. 24889.    May 28, 1935.

A. C. Saunders, for plaintiffs in error.

Z. I. J. Holt, Edgar Lee, and Samuel A. Boorstin, for defendant in error.

PER CURIAM. This action was instituted in the district court of Tulsa county for the purpose of foreclosing a lien for material furnished to a contractor making the electrical installation in a building. At the time of the trial the only parties before the court were the defendant in error, who was an intervening petitioner below, and for convenience herein will be referred to as the plaintiff; the Davison Electric Company was a defendant below and for convenience herein will be referred to as the contractor; C. W. Titus and Odessa Titus, plaintiffs in error herein, were defendants below and owners of the real estate involved in the suit and for convenience will be referred to as the defendants.

The judgment of the trial court was that the plaintiff have and recover a money judgment against the contractor, Davison Electric Company, and for foreclosure of plaintiff's lien against certain real estate situated in Tulsa county, Okla., and owned by the defendants C. W. Titus and Odessa Titus. From the said judgment the defendants C. W. Titus and Odessa Titus appealed. The defendants were owners of some lots situated in Tulsa, Okla., and were making extensive improvements thereon in the summer of 1931, and entered into a contract with the contractor under which the contractor was to make the electrical installation in the said improvements. The contractor purchased his materials in the making of the said installation from the plaintiff. Within the time provided by law, and in the manner provided by law, the plaintiff filed a lien against the premises of the defendants as a subcontractor for the materials furnished to the contractor.

During the construction the defendants made certain payments upon their contract to the contractor, and the contractor, after depositing payments received in his own account, made certain payments to the plaintiff which the defendants contend the plaintiff should have credited upon the materials furnished by the plaintiff, and used on the defendants' property, instead of upon other indebtedness owing to the plaintiff by the contractor at the time of the payments by the contractor to the plaintiff. The court tried the issues without the intervention of a jury and made findings of fact and conclusions of law.

There is but one question involved in this appeal, and that is on what account, owing to the plaintiff, should the plaintiff have given the contractor credit for payments made by the contractor to the plaintiff. There is little conflict in the testimony upon the material issues involved.

The plaintiff had for many years sold to the contractor electrical supplies and equipment. As material was purchased, it was billed upon an ordinary billing machine. Tickets were kept separate on each job for which material was being furnished by the plaintiff and a general ledger was maintained showing the total of the contractor's indebtedness to the plaintiff. The contractor, at the time under consideration here, was indebted to the plaintiff for material used in other construction by the contractor and particularly one referred to as a "school job."

On the 4th day of April, 1930, the defendants paid to the contractor the sum of $1,746.75, by check, which was on that date deposited with other items in the bank to the credit of the contractor, making a total deposit on that date of $1,821.95. On that date, and not including the deposit made, the contractor had on deposit a balance of $166.81, and between the 4th and the 14th of April, the contractor deposited in his account $443.30, and on the 14th day of April, 1930, the contractor paid to the plaintiff the sum of $1,000, which was by the plaintiff credited upon a "school job" for which the contractor owed the plaintiff. On the 14th day of April there was due to the plaintiff from the contractor for materials furnished and used on the premises of the defendants the sum of $506.59.

There is no evidence that the plaintiff ever had any notice of where the contractor obtained the $1,000 payment, or that the plaintiff had any instructions to credit the payment other than as it was credited by the plaintiff. There is no contention made here that the plaintiff had any knowledge as to the source from which the contractor procured the funds with which to make the $1 000 payment.

The law is well settled in this jurisdiction that, in the absence of any instructions from a debtor for the application of a payment upon a specific past-due account, the creditor may apply the same upon such past-due account as the creditor desires. Waples-Platter Grocer Co. v. Hardin et al., 85 Okla. 49, 204 P. 433.

It is the contention of the defendants that notwithstanding the lack of instructions from the contractor to plaintiff to apply the payment for materials furnished upon de-

fendants' premises, and irrespective of the lack of notice to the plaintiff that the defendant furnished to the contractor all or a part of the funds from which the contractor paid the plaintiff, this court must require the plaintiff to credit the said payment upon the account for materials used on the defendants' property. With this contention we do not agree.

This court is not unmindful of the fact that there is a conflict between the authorities on this question, under similar facts, and in states where there is no statutory enactment covering the question. In those states it was necessary that the court adopt a rule of equity, and in so doing those courts have disagreed and the rule is not uniform. These authorities are extensively briefed in this appeal, but it is unnecessary for this court to enter into that conflict, as we feel that the Legislature of our state has wisely settled it by legislative enactment. Section 10977, O. S. 1931, provides the procedure for the perfection of a lien such as is involved here, and among other things provides:

"The risk of all payments made to the original contractor shall be upon such owner until the expiration of the 60 days herein specified, and no owner shall be liable to an action by such contractor until the expiration of said 60 days; and such owner may pay such subcontractor the amount due him from such contractor for such labor and material, and the amount so paid shall be held and deemed a payment of said amount to the original contractor."

The loss must be upon someone. If the defendants desired that the payment made by them to the contractor be used in payment of materials furnished by the plaintiff, the defendants could have paid the plaintiff directly, or could have controlled the payment to the contractor in such a manner as to require its application for this purpose. Having failed to do so, the defendants assumed the risk of having the contractor apply the funds other than as the defendants desired.

The defendants cite the case of Kubatsky v. Pittsburg Plate Glass Co., 119 Okla. 236, 249 P. 412, as an authority in support of their theory. The owner in that case paid to the materialman with his own check the entire amount due from the contractor for materials furnished and used on the owner's premises, and the materialman there applied the funds to other indebtedness owed by the contractor. In other words, in that case, the owner protected himself by paying the materialman direct, and fully complied with the said section 10977, supra. Had the defendants likewise complied with that statute, this suit probably would not have been here. Having failed to so do, the risk was upon the defendants.

There were other issues raised in the trial court which were not urged here on appeal, and those matters, not having been urged, are not considered.

The findings of fact and conclusions of law of the trial court are fully sustained by the record in this case, and they are therefore affirmed.

The parties hereto in their briefs considered the conflict between the authorities as to the necessity of applying funds received, as were received in this case by the original contractor; plaintiffs in error relying upon the Iowa law and authorities following it, the leading case being Sioux City Foundry & Mfg. Co. v. Merten, 156 N. W. 367, the defendant in error citing contrary authorities at considerable length and the authorities criticizing the Iowa law. Undoubtedly, the majority rule is in harmony with this opinion irrespective of the statutory enactment. The Iowa rule relied upon by plaintiff in error is the minority rule, and we would be unable to hold with it in equity irrespective of the statutory enactment. However, with the statute in Oklahoma we did not feel it necessary to enter into discussion of the authorities cited.

The Supreme Court acknowledges the aid of Attorneys Neal A. Sullivan, Irving D. Ross, and H. S. Burke in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Sullivan and approved by Mr. Ross and Mr. Burke, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.